**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IDA MARIE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.   3:21-cv-0699 |
| | ) |
| WALMART, INC. | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, Walmart, Inc. by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

**VENUE**

1. There is now commenced and pending in the Circuit Court for the Second Judicial Circuit, Richland County, Illinois, a certain civil action designated as No. 2021-L-008, in which Ida Marie Mitchell is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Richland County, Illinois, which is within the Southern District of Illinois.

**DIVERSITY OF CITIZENSHIP**

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

**AMOUNT IN CONTROVERSY**

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. This action involves a claim for personal injuries and damages in excess of $50,000. (See Complaint and attached Affidavit signed by plaintiff's counsel). Plaintiff is alleging that the accident caused her to break her hip and fracture her wrist. In his demand letter of May 26, 2021, counsel for plaintiff asserted that plaintiff's medical treatment cost more than $131,963.03 and convalescent care in excess of $73,787.10 and will incur future costs for the staying at Brookside manor in the amount of $3,498/month. Counsel for plaintiff demanded in excess of ten times the jurisdictional amount to settle the case prior to filing of suit.

9. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). This Court, in *Fields*, held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL 129611, at *5 (N.D. Ill. Aug. 27, 1990). When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely." *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

10. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

## **TIMELINESS**

11. Plaintiff filed the Complaint on May 28, 2021 and served defendant with the Complaint and Summons on May 28, 2021.

12. This notice was filed within thirty days after filing and service.

## NOTICE REQUIREMENTS

13. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

14. A copy of this notice of removal was filed with the Second Judicial Circuit, Richland County, Illinois, as required by 28 U.S.C. §1446(d).

15. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

        DeFRANCO & BRADLEY, P.C.

        By /s/James E. DeFranco
           James E. DeFranco, #6181134
           Nicholas C. Martin, #6324298
           141 Market Place, Suite 104
           Fairview Heights, IL 62208
           (618) 628-2000
           (618) 628-2007 Fax
           defranco@defrancolaw.com
           martin@defrancolaw.com
           ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IDA MARIE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   3:21-cv-0699 |
| ) | |
| WALMART, INC. ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT

STATE OF ILLINOIS      )
                                      ) SS
COUNTY OF ST. CLAIR )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendants herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendants.

By /s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 24th day of June 2021.

        /s/Marie G. Agne
        NOTARY PUBLIC

```
"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022
```

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IDA MARIE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:21-cv-0699 |
| | ) |
| WALMART, INC. | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 24th day of June, 2021, he sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 24th day of June 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Second Judicial Circuit Court, Richland County Courthouse, Illinois.

By /s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 24th day of June 2021.

"OFFICIAL SEAL"
MARIE G. AGNE / Marie G. Agne
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022
NOTARY PUBLIC