IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IDA MARIE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-699-SMY |
| | ) |
| WAL-MART, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ida Marie Mitchell filed this personal injury lawsuit against Defendant Wal-Mart, Inc. She asserts general negligence and premises liability claims for allegedly tripping over a container that was on the floor of the Defendant's store (Doc. 1-1). This case is now before the Court for consideration of Wal-Mart's motion for summary judgment (Doc. 12). Plaintiff responded in opposition to the motion (Doc. 17). For the following reasons, the motion will be denied.[1]

## Factual Background

The following material facts are undisputed unless otherwise noted: On June 4, 2019 Mitchell drove to Wal-Mart to look for "long plastic containers to store materials" (Doc. 13-1 at 28:9). When Mitchell arrived at the aisle with the containers she sought, there was "junk all over the aisles" (*Id.* at 32:13). There were, "Containers, every size, some on the shelves, some on the floor" (*Id.* at 32:15-16). Mitchell found a Wal-Mart employee, Cindy Umfleet, to help her in the

---

[1] Wal-Mart separately filed a Motion for Partial Summary Judgment (Doc. 14) and a Supplemental Motion for Summary Judgment (Doc. 23). Given that these motions seek the exclusion of expert opinion related to Plaintiff's damages and to bar Plaintiff from introducing the costs of confinement to an assisted living facility, they involve evidentiary rulings and will be addressed at the final pretrial conference in April 2023.

container aisle (*Id.* at 31:6-22). Umfleet and Mitchell discussed what container Mitchell wanted and Umfleet pulled it out (*Id.* at 34:6-18). While Umfleet looked for a lid for a container, Mitchell stepped backward and lost her balance on a 25-pound container with a dog food bag that was on the floor (*Id.* at 41:24-42:1-4; 44:1-6). Mitchell does not remember seeing the specific container prior to her fall as the "whole aisle was jumbled with containers" (*Id.* at 37:1-5).

Cindy Umfleet testified that somebody had dropped a container with dog food in it (Doc. 13-2 at 8:1-13). She had noticed the container prior to the accident but did not touch it (*Id.* at 8:14-18). Another Wal-Mart employee, Felicia Neil, testified that the container should have been on the shelving instead of the floor (Doc. 13-3 at 20:3-8). A photo attached as an exhibit to Walmart's motion shows various containers with a bag of Dog Chow inside of the top one (Doc. 13-5).

## Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact – when the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

To prevail on an ordinary negligence claim under Illinois law, a plaintiff must prove that: (1) the defendant owed a duty of reasonable care to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injury. *Am. Nat'l Bank & Trust Co. of Chicago v. Nat'l Adver. Co.*, 594 N.E.2d 313, 318 (Ill. 1992). Relatedly, pursuant to the Illinois

Premises Liability Act, 740 ILCS 130/2 ("Premises Liability Act"), "[t]he duty owed [invitees] is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them." In other words, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition. *McCarty v. Menard, Inc.,* 927 F.3d 468, 471 (7th Cir. 2019). Here, Wal-Mart argues that they owed no duty to Mitchell with regard to the lids and dog food container because they did not present an unreasonable risk of harm, they had no notice of the condition, and they had no duty to warn Mitchell about this condition as it was an open and obvious hazard.

Whether a duty exists is a question of law for the court to decide. *Forsythe v. Clark USA, Inc.,* 864 N.E.2d 227, 232 (2007). In determining whether a duty exists between an owner and an invitee under the Premises Liability Act, "a court should consider the following factors: (1) the reasonable foreseeability of injury, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant." *Sollami v. Eaton,* 772 N.E.2d 215, 224 (2002).

Wal-Mart contends that the container containing dog food did not present an unreasonable risk of harm and therefore no duty was owed. However, based on the totality of the record, the Court finds that Wal-Mart did in fact owe a duty to Mitchell. Felicia Neil, a Wal-Mart employee, testified that the container should have been on the shelf, not on the floor. Cindy Umfleet, a Wal-Mart employee who was assisting Mitchell, noticed the container but did not touch it or warn Mitchell about it. Mitchell's description of the condition of the aisle at the time indicates that there was debris all over it. Likewise, Wal-Mart's argument that they had no notice of the condition is contradicted by Umfleet's testimony that she had seen the container before Mitchell's fall.

Next, Walmart contends Mitchell's claim is barred by the open-and-obvious doctrine as she should have noticed the container on the floor. "Under the open-and-obvious doctrine, a

landowner is not liable for physical harm caused to invitees by any condition on the land whose danger is known or obvious to them, unless the landowner should anticipate the harm despite such knowledge or obviousness." *Sollami,* 772 N.E.2d at 223. In this context, obvious means that "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Bruns v. City of Centralia,* 21 N.E.3d 684, 690 (2014), *citing* Restatement (Second) of Torts § 343A cmt. b, at 219 (1965). Whether a hazard is open and obvious is normally a question of fact. *Bruns,* 21 N.E.3d at 690. But if no dispute exists as to the physical nature of the allegedly dangerous condition, it is a question of law. *Id.*

Moreover, a "distraction exception" to the open and obvious doctrine applies "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Sollami,* 772 N.E.2d 215 (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). The bottom-line question is whether the defendant "should reasonably anticipate injury to those entrants on his premises who are generally exercising care for their own safety, but who may reasonably be distracted." *Deibert v. Bauer Bros. Constr. Co.,* 566 N.E.2d 239, 243-44 (1990). The exception "will only apply where evidence exists from which a court can infer that plaintiff was actually distracted." *Bruns,* 21 N.E.3d at 691.

Here, a jury could reasonably conclude that Wal-Mart had reason to anticipate that shoppers', including Mitchell's attention would be distracted away from the items on the aisle floor while perusing the items on the shelves, despite a general care for their safety. And there is evidence that Mitchell was actually distracted while Umfleet was assisting her in locating a

container and Mitchell was reaching for a container. As such, summary judgment based on the open and obvious doctrine is improper.

### Conclusion

For the foregoing reasons, Defendant Wal-Mart Inc.'s Motion for Summary Judgment (Doc. 12) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: February 8, 2023**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**